## SUPREME COURT.

In the matter of the petition of GEORGE PADDOCK and another, for the removal of DRAKE B. PALMER, Trustee.

The court may remove trustees and receivers, for *insolvency*, but is not bound to do so. And especially an application for a removal on such ground should be denied, where it appears there is no other valid objection, and the insolvency existed and was known to the parties previous to the appointment.

MITCHELL, Justice.—The causes alleged by the petitioners for the removal of the trustee are that he is insolvent, an inebriate, and notoriously immoral, and that he has threatened to violate the trusts.

The affidavits in opposition to the petition fully repel the charge of inebriety and immorality, and show that the numerous and respectable parties making them, believe him fully competent to execute the trust.

The specifications of breaches of trust are in selling white pine joists and beams, and Georgia pine, below the fair market price. The opposing affidavits show clearly that the articles sold were

of inferior quality and therefore sold for less than the market price for better articles of the same kind.

The threat to violate the trusts is denied, and disproved so far as such a matter can be disproved. There is no allegation that such sales were made intentionally too low.

The insolvency of the trustee is admitted; but it seems probable that that was known to the petitioners before they apppointed him; they had had a slight acquaintance with him before; they had asked him to act, and he at first declined, and they repeated their request, and he then yielded to their solicitation after consulting his friends.

The insolvency existed before his appointment, and has not accrued since; and after they knew all that they now know of the trustee, they or one of them, consented to his continuance on condition that Mr. Rockwell, his agent, should deposit all moneys collected by him in bank, to the credit of W. W. Scrugham, Esq. as attorney for Mr. Palmer, trustee.

This arrangement was suggested by Mr. Kimball, the attorney for the creditor whose claim is nearly 9-11ths of the whole amount due, and all, or nearly all the other creditors express their desire that the trustee should continue in office.

Under these circumstances the petitioners have no cause to make the insolvency of the trustee a ground for his removal. The court *may* remove for insolvency, but is not bound to do so; and there are many receivers and trustees who are insolvent, but in whose hands the trust fund is safer than with some others who are men of wealth.

Here, too, the petitioners, although they have an interest in having a good trustee appointed, are not so much concerned in that matter as their creditors; their estate is not valued by themselves at more than $12,000, and the debts are over $11,000, without interest; and if Lyon's claim for $2,100, is good, are over $13,000. It is true that the majority in interest is not to control the court in such a matter, but it has great weight as *evidence* of what is most expedient.

The motion to remove the trustee is denied, with $10 costs to the trustee.